IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Petitioner,

v.                                                Case No. 18-mc-201-KHV

JUSTIN K. PRUITT,

                Respondent.

**REPORT AND RECOMMENDATION**

On January 25, 2018, the United States filed a petition to enforce Internal Revenue Service summons pursuant to 26 U.S.C. § 7602 (ECF No. 1). According to the petition, Internal Revenue Service ("IRS") Revenue Officer Danielle Prince is conducting an investigation for the purpose of collecting the accessed, unpaid federal income tax liabilities of respondent Justin K. Pruitt for the taxable years 2011, 2012, 2013, 2014, and 2015. On October 18, 2017, Revenue Officer Prince served respondent with an attested copy of an IRS administrative summons by leaving it at his last and usual place of abode. The summons directed respondent to appear before Revenue Officer Prince on November 8, 2017, to give testimony and produce for examination certain books, papers, records, or other data. Respondent failed to appear or produce the requested documents.

On January 30, 2018, the court entered an order directing respondent "to show cause why he should not be required to comply with the summons within 20 days of the service of this order to show cause and the accompanying papers" (ECF No. 3). On

1

February 6, 2018, respondent was served with a copy of the court's order to show cause and the government's petition to enforce (ECF No. 4). Respondent did not file a response to the order.

On March 21, 2018, the court entered a second order to show cause, this time directing respondent to appear before the undersigned U.S. Magistrate Judge, James P. O'Hara, on April 23, 2018, to show cause why he should not be compelled to obey the IRS summons served upon him (ECF No. 7). The court also ordered respondent to respond with any defense or opposition to the petition at least 14 days prior to the hearing date. Respondent was served with a copy the court's second order to show cause and the government's petition to enforce on March 27, 2018 (ECF No. 8). Respondent did not file a response to the court's second order to show cause. The hearing was held on April 23, 2018. The government was represented by Assistant United States Attorney Andrea L. Taylor. Respondent did not appear.

To enforce a summons, the government must show (1) that the summons was issued for a legitimate purpose; (2) the summons seeks relevant information (3) which is already not already within the IRS's possession; and (4) it has followed all administrative steps which the Internal Revenue Code requires. *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *see United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1444 (10th Cir. 1985) (government's burden to enforce summons is "slight one"). The government's petition and Revenue Officer Prince's declaration establish a prima facie showing of

these elements.[1]  Revenue Officer Prince's declaration establishes:

(1) the investigation for which the summons was issued has a legitimate purpose, that is, to investigate the tax liability of Jason K. Pruitt for taxable years 2011, 2012, 2013, 2014, and 2015;

(2) the summoned materials are relevant to that investigation;

(3) the information sought is not already within the IRS's possession; and

(4) the IRS has followed the procedural steps outlined in 26 U.S.C. § 7603.

This Declaration also shows there is no Justice Department referral in effect, within the meaning of 26 U.S.C. § 7602, with respect to Respondent Pruitt that would prevent the enforcement of the summons.  *United States v. LaSalle National Bank*, 437 U.S. 298, 318 (1978).

Once this showing is made, the burden shifts to the taxpayer to demonstrate that enforcement of the summons would be an abuse of the court's process.  "Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation."  *Powell*, 379 U.S. at 58.

As discussed above, respondent has not filed any response to the court's orders to show cause and did not appear at the show cause hearing.  The court therefore finds that

---

[1] The requisite showing is generally made by the submission of the Declaration of the agent who issued the summons and who is seeking enforcement.  *See U.S. v. Wankel*, 475 Fed.Appx. 273, at *1 (10th Cir. 2012) (citing *U.S. v. Powell*, 379 U.S. 48 (1964)).

respondent has not met his burden of showing that enforcement of the summons would be an abuse of process or that the summons was issued in bad faith or for purposes of harassment.

In light of the foregoing, the undersigned recommends that an order be issued enforcing the IRS summons and directing respondent to appear on a date certain to provide testimony and produce the requested documents and records.

Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.  Petitioner is directed to promptly serve a copy of this report and recommendation on respondent and to file a proof of service with the court.

Dated May 2, 2018, at Kansas City, Kansas.

      s/ James P. O'Hara  
      James P. O'Hara  
      U.S. Magistrate Judge